United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

KENNETH R. HUNT, JR.,

    Petitioner,

vs.

ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,

    Respondent.

No. C 10-5710 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION; DENIAL OF CERTIFICATE OF APPEALABILITY**

This is a habeas case filed pro se by a California prisoner currently incarcerated at the Correctional Training Facility in Soledad. The case was transferred here from the United States District Court for the Eastern District of California.

Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner pleaded nolo contendere to charges of first degree residential robbery, *see* Cal. Penal Code § 211/212.5(a), with an enhancement for committing a violent crime against a vulnerable person, *see id.* at 667.9(a), and committing a violent crime against a vulnerable person while having had a prior California conviction, *see id.* at 667.9(b). He was sentenced to a term of fifteen years in prison. Although he says in the petition that he appealed, it appears that he is referring to state habeas petitions, which were denied.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) His trial counsel was ineffective in not asking for a lineup; and (2) his due process rights were violated when a hearing on whether the relationship between counsel and petitioner had irrevocably broken down was not reported.

Under California law, a nolo contendere plea, such as that petitioner entered here, is the equivalent of a guilty plea and has the same effect. *United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (per curiam) (under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea.'") (quoting *People v. Whitfield*, 54 Cal. Rptr. 2d 370, 377 (Cal. Ct. App. 1996)). A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations). The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v.*

*Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases.  *Id.*; *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004); *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988).

Here, petitioner does not contend that the plea was not voluntary and intelligent, nor does he contend that his attorney's advice to plead nolo contendere constituted ineffective assistance, and the two claims he does present, having arisen prior to the guilty plea, were waived by it.  The petition will be summarily dismissed.  *See* Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (court must dismiss habeas petition on initial review if it plainly appears petitioner not entitled to relief).

## CONCLUSION

Leave to proceed in forma pauperis (document number 9 on the docket) is **GRANTED**.  The petition is **DISMISSED** for the reasons set out above.

A certificate of appealability is **DENIED** because jurists of reason would not find the court's ruling debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If petitioner wishes to appeal this ruling, he must file a timely notice of appeal and ask the United States Court of Appeals for the Ninth Circuit to grant a certificate of appealability.  *See* R.App.P. 22(b)(1).

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  November 9, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

P:\PRO-SE\PJH\HC.10\HUNT5710.DSM.wpd